IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Number 2:23-cr-00160-DCN |
| | ) |
| | ) |
| -versus- | ) |
| | ) |
| | ) |
| **MARQUELL DESHAWN MYERS** | ) |

**Government's Response to Defendant's Sentencing Memorandum
and Government's Motion for Upward Departure**

The United States of America, through its Assistant United States Attorney, Sean Kittrell, respectfully requests that the Court depart upward and impose a sentence above the advisory Sentencing Guideline range as determined by the Court, on the ground that in the unique circumstances of this case, the sentencing guideline calculation failed to properly account for the Defendant's criminal history category and that therefore a higher sentence is appropriate. Pursuant to U.S.S.G. §4A1.3, if reliable information indicates the Defendant's criminal history category substantially under-represents the seriousness of the Defendant's criminal history or the likelihood the defendant will commit other crimes, an upward departure may be warranted. The fact that a defendant was out on bond on another charge at the time of the crime for which he is being sentenced is a factor to be considered when evaluating whether or not a defendant's criminal history is under-represented. *See* U.S.S.G. §4A1.3(a)(2)(D). "The types of information that may support an upward departure include '[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense.'" U.S.S.G. § 4A1.3(a)(2)(D). *United States v. Artis*, 554 F. App'x 227, 228 (4th Cir. 2014); *see also United States v. Collins,* 104 F.3d 143, 145 (8th Cir.1997) (holding that "[u]ncharged conduct can properly be considered when departing under U.S.S.G. § 4A1.3").

1

The Third Circuit has held that "such brazen conduct clearly indicates an increased 'likelihood that the defendant will commit other crimes.'" *United States v. Perry*, 460 F. App'x 149, 155 (3d Cir. 2012); *see also United States v. Renteria*, 605 F. App'x 538, 542 (6th Cir. 2015) (upward departure of one level from criminal history category I to category II for pending charges). Such departures are permitted as the commission of an offense while on bond is an indicator that the calculated criminal history category under-represents the likelihood that a defendant will recidivate. *See United States v. Perry*, 460 F. App'x 149, 153 (3d Cir. 2012).

In this case, the Presentence Report ("PSR") shows that the Defendant was arrested on February 11, 2020, for murder and possession of a weapon during a violent crime. See PSR ¶24.

The PSR noted that the homicide case was based on the fact that the Defendant and another individual were both

> identified as the assailants involved in the murder of Clifford Harrison who was shot and killed in his front yard. Detectives received information that Myers and Polite were observed at the incident location prior to the shooting occupying a red sedan. Witness observed a red sedan leaving the scene at a high rate of speed after the shooting. DNA samples collected from a toboggan hat left by the assailants at the crime scene showed Marquell Myers was the major contributor for the DNA profile found on the hat.

PSR ¶24.

The PSR also establishes the fact that the Defendant was released on October 30, 2020 from custody for that murder charge, after posting his state bond. PSR ¶71. As such, the Defendant was out on bond for pending charges when he was in possession of the firearm on February 14, 2023, which was the date of the incident which led to his conviction in this case. See PSR ¶74, ¶24.

Significantly, the Defendant's record shows other indicia of violence. Specifically, he has arrests for attempted murder and unlawful possession of a weapon on May 1, 2019. See PSR ¶23.

He was on bond for this attempted murder when he was arrested for the murder committed on February 11, 2020 (which is outlined in PSR ¶24, the murder for which he was out on bond when arrested for the instant offense). Additionally, the Defendant was also charged, when he was 16 years old, with the offense of assault and battery with intent to kill. See PSR ¶18. That crime involved a drive by shooting with a 7-year-old child victim. He was ultimately convicted of assault and battery first degree. PSR ¶18.

Thus, under the factors as outlined in 18 U.S.C. §3553(a), given the fact that he has been arrested while on bond or probation for violent offenses, and committed the instant crime while on bond for murder, a strong sentence is appropriate.

  a. 18 U.S.C. § 3553(a)(2)(A): (The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment). The Defendant, on bond for murder, was arrested in possession of a firearm. After making state bond for this, when was arrested for the federal indictment on the instant offense, he was in possession of almost a half kilogram of marijuana (425 grams) and 2 boxes of .45 caliber ammunition. See PSR ¶12. These actions show a lack of respect for the law. The Defendant has exhibited a pattern of arrests while on bond or probation. This defendant was convicted of assault and battery (first degree) (the drive by shooting). PSR ¶18, ¶22. While on probation for that conviction, he was arrested for an attempted murder (subsequently nolle prossed). PSR ¶23. And while out on bond for that attempted murder, he was arrested for murder. PSR ¶24. Out on bond yet again, he was arrested in possession of the firearm in this case. PSR ¶25, ¶71. Therefore, a greater sentence is warranted to promote respect for the law.

  b. 18 U.S.C. § 3553(a)(2)(B): (The need for the sentence imposed to afford adequate deterrence to criminal conduct). This is a general deterrence provision. See *United States v. Shortt*, 485 F.3d 243 (4th Cir. 2007). The idea is that potential criminals are deterred from specific types of crimes if they fear certain and predicable punishment. In this case, the Defendant has something of a record of violence given his conviction for assault and battery (first degree) and was in possession of a firearm after having been convicted of a crime which is commonly regarded as violent. It is therefore appropriate to impose a significant sentence to act as a deterrent for others similarly situated. It is important from a general deterrence perspective to promote respect for the law for those who are potentially recidivist offenders.

  c. 18 U.S.C. § 3553(a)(2)(C): (The need for the sentence imposed to protect the public

  from further crimes of the defendant). This provision addresses the concept of specific deterrence. The criminal history exhibited by this Defendant in this case suggests that he is a potential recidivist offender. Indeed, the Defendant was on bond for murder when this offense (felon in possession of a firearm) was committed. And, he was on probation for the drive by shooting when arrested for a murder (see PSR ¶18 and ¶23) (this attempted murder charge was nolle prossed). Further, when the Defendant was arrested for the murder, on February 11, 2020, he was on bond for attempted murder, from the arrest on May 1, 2019. See PSR ¶23 ¶24. This record of bond violations indicates that the public needs protection from the Defendant.

d. 18 U.S.C. §3553(a)(1) (the nature and circumstances of the offense and the characteristics of the Defendant). Under this provision, a substantial sentence is appropriate given facts outlined above. This is true as well for the other 3553 factors, including the need to reflect the seriousness of the offense, promote respect, and provide just punishment for the offense (§3553(a)(2)(A)). There is also a need for adequate deterrence (§3553(a)(2)(B)).

Therefore, the United States of America respectfully moves this Court for an upward departure and impose a sentence above the advisory Sentencing Guideline range as determined by the Court,

           Respectfully submitted,

           ADAIR F. BOROUGHS
           UNITED STATES ATTORNEY

      By: S/*Sean Kittrell*
         Sean Kittrell (#6032)
         Assistant United States Attorney
         151 Meeting Street, Suite 200
         Charleston, South Carolina 29401
         (843) 727-4381

Charleston, South Carolina
May 20, 2024