IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal. No.: 2:23-cr-160 |
| | ) | |
| vs. | ) | |
| | ) | |
| Marquell Myers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### RESPONSE IN OPPOSITION TO UPWARD DEPARTURE

The Defendant respectfully requests a guideline sentence, as provided by the presentence report. A guideline sentence provides just punishment and adequate deterrence to a 24-year-old defendant who is a criminal history category I.

In its motion, the government complains that the presentence report "failed to properly account for the Defendant's criminal history category." Dkt. 42. This is based primarily on an unproven, unrelated charge that has been pending for 4 years in state court. It also appears that the government feels a dismissed charge from 5 years ago should be considered and that the Defendant's sole conviction should be given even more weight than it already has.

When "forming the basis of an upward departure," the United States Sentencing Guidelines §4A1.3 provides that a court may consider "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense." The section goes on to state however, that "[a] prior arrest record

itself shall not be considered for purposes of an upward departure..."

Here, the government asks for a departure based on the Defendant's arrest record, a clear prohibition in §4A1.3(a)(3). Because the Defendant has but one conviction, the government asks this Court to consider pending accusations for which there is a presumption of innocence and charges that were dismissed.

In support of its position, the government cites one 4th Circuit case, *U.S. v. Artis*, 554 F.Appx. 227 (4th Cir. 2014), which is easily distinguished here. The court in *Artis* was dealing with a challenge to an upward departure on the grounds that the departure constituted double counting because the defendant received a 3-level enhancement for committing the offense while awaiting sentencing in another case. It is important to note that the defendant was awaiting sentencing, presumably having already been convicted.

The government also relies on *U.S. v. Collins*, 104 F.3d 143 (8th Cir. 2014), which is easily distinguished from this case. The court in *Collins* dealt not with unrelated pending charges, but with uncharged conducted directly related to the matter before it. Specifically, the court upheld an upward departure based on a string of uncharged burglaries that were directly related to the case before that court.

The other cases the government relies on deal with a defendant with decades of violent convictions which were too old to receive criminal history points (*U.S. v. Perry*, 460 F. App'x 149 (3rd Cir 2012)) and a case where a defendant was found to have absconded from another state, delaying his conviction for DUI and avoiding an

additional criminal history point (*U.S. v. Renteria*, 605 F. App'x 538 (6th Cir 2015)).

In these cases, the courts do not make simple presumptions regarding the guilt of a defendant in pending state matters. Rather, they consider unique circumstances where additional weight to a criminal history was warranted. A matter that has been pending in state court for 4 years through no fault of the Defendant still demands a presumption of innocence, not an overly technical application of one sentence in the guideline manual. In fact, the court in *Perry* is the only one that does wrestle with the issue of purely unrelated pending charges. The court notes that even if the district court erred in considering that conduct, the error was harmless. This indicates that the issue is not well settled in the 3rd Circuit. It appears to be as yet unaddressed in the 4th Circuit.

The government attempts to pad its argument by referencing Mr. Myers' conviction for Assault and Battery 1st Degree. This is a conviction that clearly receives adequate consideration from the guidelines for two very important reasons:

1) It provides the Defendant with his only criminal history point.

2) It is the ONLY FELONY ON HIS RECORD. Without this conviction there would be no case for felon in possession in the first place. Yet the government argues that this conviction, an essential element of the offense, was part of a failure to account for the Defendant's criminal history.

At the time Mr. Myers was arrested in federal court, his pending state case had been gathering dust for 3 years. The state shows no sense of urgency to prosecute Mr. Myers, indicating no special concern that he is a danger to the

community. Mr. Myers should not be punished for unrelated, unproven allegations because the State of South Carolina fails to respect the right to a speedy trial.

Mr. Myers bonded out on his pending state charges on October 30, 2020. Nearly 3 years later he was arrested for the case currently before this Court. The government now asks this Court to presume Mr. Myers guilty of the pending allegations, presume him guilty of dismissed allegations, give even more weight to his one and only felony conviction, and depart from guidelines because the government predicts that Mr. Myers will commit more crimes in the future.

The guidelines in this case have adequately considered Mr. Myers' status as a criminal history category I who has been convicted of felon in possession of a firearm. Such a departure is unwarranted and unsupported by the facts and characteristics of Mr. Myers.

                                        Respectfully submitted,
                                        *s/Charles W. Cochran*
                                        Charles W. Cochran
                                        Assistant Federal Public Defender
                                        145 King Street, Suite 325
                                        Charleston, South Carolina 29402
                                        (843) 727-4148

June 10, 2024